## COLE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10813.

United States Court of Appeals
Sixth Circuit.

April 21, 1949.

Scott P. Crampton, of Washington, D. C. (Geo. E. H. Goodner and Scott P. Crampton, both of Washington, D. C., on the brief), for petitioner.

Irving I. Axelrad, of Washington, D. C. (Theron L. Caudle, Ellis N. Slack and Irving I. Axelrad, all of Washington, D. C., on the brief), for respondent.

Before SIMONS, MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

The petitioning taxpayer seeks review of the decision of the Tax Court of the United States holding that there are deficiencies in his income tax for the years 1943, 1944, and 1945, in the respective amounts of $28,202.18, $37,358.18, and $32,082.28. The issue presented is whether income attributed to the taxpayer's wife, by virtue of a husband and wife partnership which included an additional partner, is taxable to the husband.

The taxpayer conveyed to his wife an interest in the assets of the partnership and

---

undistributed profits allocated to her on the books of the firm. She contributed no capital originating with her, contributed nothing substantial in the way of management of the partnership business, and performed no vital services for the partnership. On its facts, the case falls squarely within the ambit of Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670, 164 A.L.R. 1135, and the Tax Court correctly decided that the controverted income attributed to the wife is properly to be included in the petitioner's income for the years involved.

The instant case is far afield from recent decisions of this court in which husband and wife partnership's have been held valid for tax purposes. Kent v. Commissioner of Internal Revenue, 6 Cir., 170 F.2d 131; Canfield v. Commissioner of Internal Revenue, 6 Cir., 168 F.2d 907; Woosley v. Commissioner of Internal Revenue, 6 Cir., 168 F.2d 330; Weizer v. Commissioner of Internal Revenue, 6 Cir., 165 F.2d 772; Lawton v. Commissioner of Internal Revenue, 6 Cir., 164 F.2d 380.

The decision of the Tax Court is affirmed.